## In re HAVSGORD'S ESTATE.
### HAVSGORD, Respondent, v. SVERSON, Appellant.
(147 N. W. 378.)

**1. Adoption—Inheritence From Adopted Child—Right of Natural Parent.**

Under Civ. Code, Secs. 131, 134, 135, relating to adoption of children and the proceedings therefor, and Sec. 136, providing that a child, when adopted, may take the family name of the person adopting it, and after adoption the two shall sustain the legal relation of parent and child, with all rights and duties of such relation, etc., and Sec. 110, requiring that the parent entitled to custody of a child must give it support and education, which should be read into Sec. 136, and Sec. 137, providing that natural parents are relieved of all parental duties, and have no rights over the child, **held,** the natural father does not inherit from such adopted person.

**2. Adoption—Statutory Provisions—Their Purpose—Construction—Encouragement of Adoption—Interests of Child.**

The purpose of Civ. Code, Secs. 131, 134, 135, 136, 137, the adoption statute, being humane and salutary, promotive solely of the benefit of the adopted child, and to provide homes, care, and training for parentless and otherwise unfortunate children, should be construed so as to encourage adoption of such children by persons who can properly rear and educate them.

(Opinion filed May 22, 1914.)

Appeal from Circuit Court, Brookings County. Hon. Carl G. Sherwood, Judge.

Final accounting by Ole C. Havsgord, as administrator of the estate of Martin C. Havsgord, deceased, in which Erick Sverson, claiming as heir, appeals from an order of distribution. Affirmed.

*M. E. Culhane,* and *Eidem & McCoy,* for Appellant.

Under the provisions of section 136, Revised Civ. Code, the brother and sisters of the foster father, by virtue of the adoption, became the uncle and aunts of the adopted child, and were therefore next of kin of the adopted child, and upon his death would inherit the whole of his estate; and the lot in question, having been devised by the foster father to the deceased adopted child, and the personal property being largely the accumulation of the rents and profits of real estate, upon the death of the adopted child, the property would revert to the blood relatives of the foster father. Calhoun v. Bryant, S. D. 133 N. W. 266.

Sec. 136 does not provide that the legal relation of parent and child is created by the acts of adoption, but merely that the two (the foster parent and the adopted child) shall sustain to each other the legal relation of parent and child. Calhoun v. Bryant, supra. No statute makes the right of inheritance depend upon the source from which the deceased derived his title. Calhoun v. Bryant, supra. A devisee acquires by "purchase" in the technical sense of the term and not by "descent." In re Donahue Estate, 36 Cal. 329; In re Pearson's Estate 42 Pac. 960; In re Ingram, 21 Pac. 435; Reinders v. Kopplemann, 30 Am. Rep. 802; Hole v. Robbins, 10 N. W. 617.

The natural parents inherit from the adopted child the property which such child had inherited from its adopting parent. Baker v. Clowser et al., 138 N. W. 837; 50 Am. Rep. 788; Paul v. Davis, 100 Ind. 422. The general statutes of inheritance are modified and set aside by statutes regulating the effect of adoption only so far as there is some specific provision in the statutes for adoption inconsistent with the application, in such cases, of the general inheritance statutes. Reinders v. Kopplemann, 68 Mo. 482; 30 Am. Rep. 802; Upson v. Noble, 35 Ohio St. 655; Hole v. Robbins, 53 Wis., 514, 12 N. W. 617; Barnhizel v. Ferrell, 47 Ind. 335; Clarkson v. Hatton, 143 Mo. 47, 44 S. W. 761, 39 L. R. A. 748, 65 Am. St. Rep. 635; Keegan v. Geraghty 101 Ill. 26; White v. Dotter, 73 Ark. 130, 83 S. W. 1052.

While the statute of adoption must be read into the statute of descent and distribution, "it is with this singularity, always to be observed, viz.: that the adopted child is so let in only for the purpose of preserving in full its right of inheritance from its

adoptive parent." Hockady v. Lynn et al., 8 L. R. A. (N. S.) 117; Merrit v. Morton, 33 L. R. A. (N. S.) 139, with annotations to date; Warren v. Prescott, 17 L. R. A. 435, annotated.

*Hall, Alexander & Purdy,* for Respondents.

In this state, such rights of succession as accrue to the different parties affected by the statutory adoption of a child are derived, not from the terms of any enactment specifically conferring such rights, but from the application of the general laws governerning the succession of intestate estates to the status or relation created by the act of adoption. Calhoun v. Bryant, (S. D.) 133 N. W. 966.

The adopting parent becomes an heir of the child, and as such, under the laws of succession, entitled to all the rights of a natural parent. On the other hand the child's kindred by blood or affinity who would be the heirs of such child under the law of succession but for the fact of adoption, are thereby disinherited. Section 137 of the Civil Code. In re Jobson, 164 Cal. 312, 128 Pac. 938, 43 L. R. A. N. S. Humphries v. Davies, (Ind.) 50 Am. Rep. 788. Davies v Krug, 95 Ind. 1.

POLLEY, J. [1] This is a contest over the estate of a deceased person. The record shows that decedent was born about the month of February, 1892. Erick Sverson, the appellant herein, is his father, but his mother died when the decedent was about a week old and, when he was about five months old, he was adopted by Christopher and Henrika Havsgord. Henrika Havsgord died in 1902, Christopher Havsgord died in 1904, and the decedent, who at the time of his adoption was given the name of Martin C. Havsgord, died in 1910. Ole C. Havsgord, administrator of the estate of decedent, and Gure Havsgord and Agete Havsgord are the brother and sister of Christopher Havsgord. Upon the final report of Ole Havsgord as administrator of the decedent's estate, the county court, by order of distribution, assigned the property left by the decedent to the said brother and sisters of Christopher Havsgord, the adopting father of the decedent, and the case is brought here upon appeal by Erick Severson, who is claiming the estate by right of inheritance as the natural father of the decedent. The question to be determined is: Does the natural father of a person who has been adopted under the adoption laws

of this state inherit from such adopted person, the father being the nearest of kin?

The relationship and rights incident to adoption are created and provided for solely by our Civil Code, and the sections involved on this appeal are as follows:

§131: "A legitimate child cannot be adopted without the consent of the parents, if living, * * *

§ 134: "The person adopting a child, and the child adopted, and the other persons whose consent is necessary, must appear before the county judge of the county where the person adopted resides, and the necessary consent must thereupon be signed, and an agreement be executed by the person adopting, and filed in the county court, to the effect that the child shall be adopted and treated in all respects as his own lawful child should be treated; * * *

§135: "The county judge must examine all persons appearing before him pursuant to the last section, each separately, and if satisfied that the interests of the child will be promoted by the adoption, he must make an order declaring that the child shall thenceforth be regarded and treated in all respects as the child of the person adopting.

§136: "A child, when adopted, may take the family name of the person adopting.   After adoption the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation."

And the portion of §110 which provides that the parent entitled to the custody of the child must give it support and education suitable to his circumstances should be read into §136.

§137: "The parents of an adopted child are, from the time of the adoption, relieved of all parental duties towards, and of all responsibility for, the child so adopted, and have no right over it."

While these sections fix the status of adopting and adopted parties and declare the rights and obligations of each to the other, no mention is made of the interest that either may have in the estate of the other. Neither is any mention made in the statute on succession of their rights of inheritance. This, then, leaves it, as was said in Calhoun v. Bryant, 28 S. D. 277, 133 N. W. 266,

a question of construction of the statutory provisions above quoted.

[2] The precise question presented by this record has not heretofore been considered by this court; neither do any of the cases to which our attention has been directed by counsel in their argument present facts parallel to the facts in this case.    We are, therefore, left free, and it is the duty of the court to so construe said provisions as to best promote the principles of equity and justice and to accomplish the object for which the statute was enacted.    The statute was passed, not for the benefit of the natural parent, who must give his consent to the adoption and who, from the time of the adoption is relieved of all parental duties toward, and responsibility for, the child so adopted; nor for the benefit of the adopting parent who may incidentally profit because of the service or society of the adopted child; but for the sole benefit of the adopted child.    In fact, the county court, in passing upon the petition for adoption, must be governed solely by what appears to be the best interests of the child: Civ. Code §135.    The statute is humane and salutary in the extreme.    It was passed for the purpose of providing homes and proper nurture, education and training for children who have lost their parents or children whose parents, because of misfortune or improvidence, are unable to properly rear and educate them, and should be so construed, if it can be done without doing violence to the terms of the statute, as to encourage the adoption of such children by persons who can properly rear and educate them.    It is said in 1 R. C. L. 595:

"That adoption statutes tend to conserve the best interests of society and the state, and that, recognizing these good results, courts are more and more inclined to abandon the old rule of strict construction and to place a fair and reasonable construction upon proceedings under a statute relating to adoption with a view of sustaining the assumed relationship, particularly against collateral attack by strangers to the proceedings, whose only interest is to defeat the relations which the adoptive parents always recognized and never questioned, so that they may succeed to an estate from which, by the very fact of adoption, the adoptive parents intended they should be excluded in favor of the adopted child."

True, this is not a case of collateral attack, but it is an attempt, on the part of the natural father, to succeed to an estate from which the adoptive parent intended he should be excluded. It appears from this record that, at the time of the adoption in question, Christopher Havsgord was in comfortable circumstances and that, at the time of his death, he left the decedent a valuable estate. From the terms of his will it is very apparent that he did not intend that, in case his adopted son should die intestate, any part of this property should go to his adopted son's natural father; and it may be that, had he. supposed at the time of the adoption that his property would eventually pass to the appellant, to the exclusion of his own kin, he would never have adopted the decedent. This, of course, would have worked to the disadvantage of the decedent; and, as he might have become a public charge, it would have worked to the disadvantage of the state as well.

By §136 Civ. Code, after the adoption, the adopting parent and adopted son assumed toward each other the *legal relation* of parent and child, and were vested with all the rights and subject to all the duties of that relation. Under this statute and upon the authority of Calhoun v. Bryant, supra, Christopher Havsgord acquired a right of inheritance in the property of Martin C. Havsgord in case he should have survived Martin. This right of inheritance grows out of the status of these parties created by the adoption, and the result of that status is the exclusion of appellant's right of inheritance from the decedent, and this right of inheritance did not revest in him upon the death of the adopting parent, (Christopher Havsgord), and appellant has no right of inheritance in the estate involved.

There are numerous other questions presented by the record in this case, but the foregoing conclusions dispose of the appellant's interest in the controversy and we express no opinion upon any question other than the natural father's right of inheritance in the estate of the decedent; neither is anything herein said to be taken as an intimation of the views of the court upon the rights of an adopted child to inherit from any relative, either natural or adoptive, nor of the rights of any relative either natural or adopted, other than the natural parent, to inherit from an adopted child.

The judgment and order appealed from must be affirmed.