## MARTHA ROBERTS v. ELIZABETH A. ROBERTS AND OTHERS.[1]

June 27, 1924.

No. 24,071.

**Adopted child inherits from natural parent.**
An adopted child inherits from his natural parent.

From an order of the probate court for Blue Earth county, Harry A. Johnson, J., allowing the final account and final decree in the

[1]Reported in 199 N. W. 581.

matter of the estate of Henry P. Roberts, deceased, Martha Roberts, daughter of said decedent, appealed to the district court for that county. The appeal was heard upon stipulated facts by Comstock, J., who reversed the decree of the probate court. From the order denying their motion to set aside the decision of the district court and for a new trial, respondents appealed. Affirmed.

*George W. Champlin,* for appellants.

*William F. Hughes* and *J. A. Baker,* for respondent.

.DIBELL, J.

The respondent, Martha Roberts, was adopted on March 16, 1898, by John D. Thomas and wife. She was the daughter of Henry R. Roberts, now deceased, and his wife. Her mother died prior to the adoption. After the adoption Roberts married Elizabeth A. Davis. To this marriage two children were born. Roberts died intestate on May 1, 1921. On appeal from the probate court the district court held that Martha Roberts was entitled to participate in the estate of her father as an heir. Mrs. Roberts and her children, the only other heirs, appeal from the order denying their motion for a new trial.

The question, one of statutory construction, is whether an adopted child inherits from its natural parent.

The adoption of children is regulated now as it was at the death of the decedent by Laws 1917, p. 335 c. 222. The status of an adopted child is defined as follows:

"Upon adoption such child shall become the legal child of the persons adopting him, and they shall become his legal parents, with all the rights and duties between them of natural parents and legitimate child. By virtue of such adoption, he shall inherit from his adopting parents or their relatives the same as though he were the legitimate child of such parents, and shall not owe his natural parents or their relatives any legal duty; and, in case of his death intestate the adopting parents and their relatives shall inherit his estate, as if they had been his parents and relatives in fact."

At the time of the adoption of Martha Roberts the statute provided that "no person shall, by being adopted, lose his right to inherit

from his natural parents or kindred." G. S. 1894, § 8023, Laws 1885, p. 76, c. 75, § 1. This provision was not carried into the revision of 1905, R. L. 1905, §§ 3612-3621, G. S. 1913, §§ 7151-7161. It is not in the present statute. The respondent rests no claim upon the quoted language of the statute as it was at the time of the adoption. We therefore consider the right of the adopted child to inherit from her own parent under the statute as it was at the time of death.

Under the statute of descents the respondent would inherit from her father as would her half brother and half sister and her stepmother. G. S. 1913, §§ 7236-7238. If an adopted child does not inherit from her natural parents it is because of the adoption statute. Whether it shall so inherit is altogether a question of legislative policy and is settled when the legislature speaks. The legislature has not spoken expressly. What is claimed is that the adoption statute, defining the status of the child, makes inapplicable the general rules of descent. We do not minimize the force of the argument. It does not lead us to the conclusion that an adopted child does not inherit from its natural parent. We hold that it does inherit.

Adoption statutes vary from state to state. We do not undertake an analysis of them or the decisions under them. As stating views in consonance with the conclusions which we reach we note the following: Wagner v. Varner, 50 Iowa, 532; In re Klapp's Estate, 197 Mich. 615, 164 N. W. 381, L. R. A. 1918A, 818; Clarkson v. Hatton, 143 Mo. 47, 44 S. W. 761, 39 L. R. A. 748, 65 Am. St. 635; Burnes v. Burnes, 132 F. 485, affirmed in 137 F. 781, 70 C. C. A. 357; Dreyer v. Schrick, 105 Kan. 495, 185 Pac. 30; 1 C. J. 1400; 1 R. C. L. 614, § 26. Well-considered views to the contrary are stated in In re Estate of Darling, 173 Cal. 221, 159 Pac. 606, and Estate of Jobson, 164 Cal. 312, 128 Pac. 938, 43 L. R. A. (N. S.) 1062. Whether an adopted child may inherit in a dual capacity from a decedent is a question apart from the one before us upon which we have no occasion to express an opinion. See Delano v. Bruerton, 148 Mass. 619, 20 N. E. 308, 2 L. R. A. 698; Billings v. Head, 184 Ind. 361; Morgan v. Reel, 213 Pa. St. 81, 62 Atl. 253.

Order affirmed.

WILSON, C. J., having been of counsel, took no part.