SORENSON, Respondent, v. CHURCHILL et al, Appellants.

(212 N. W. 488.)

(File No. 5887. Opinion filed March 7, 1927.)

**Adoption—Heirs—Laws of Adoption Held Not to Limit Adopted Child's Right to Inherit from Natural Parents (Rev. Code 1919, §§ 208-210, 701).**

Rev. Code 1919, §§ 208-210, relative to adoption, held not to limit right of adopted child to inherit from natural parents in accordance with section 701.

---

Note.—See, Headnote, Adoption, Key-No. 21, 1 C. J. Sec. 129.

As to right of adopted child to inherit from natural parents, see annotation in 17 L. R. A. 436; 1 R. C. L. 614; 1 R. C. L. Supp. 216; 6 R. C. L. Supp. 27.

Appeal from Circuit Court, Brown County; Hon. Robert D. Gardner, Judge.

Petition by Percy Sorenson to revoke letters of administration theretofore granted to Joseph Churchill as administrator of the estate of Dora E. Churchill. Judgment ratifying and confirming the order of the county court, revoking the letters and granting letters to petitioner, and Joseph Churchill and others appeal. Affirmed.

*Campbell & Fletcher,* of Aberdeen, and *E. V. Knauf,* of Winona, Minn., for Appellants.

*Corrigan & Walton,* of Aberdeen, for Respondent.

MISER, C. This appeal arises out of a contest for letters of administration. Appellant is a brother of decedent. To appellant the county court of Brown county duly issued letters of administration of decedent's estate. Respondent is the natural son of decedent; but, three months after respondent's birth, he was duly adopted by one Hanson and wife, who had kept him since his birth. Thereafter, Mrs. Hanson having married one Sorenson, respondent was duly adopted by said Sorenson. Respondent had no knowledge of his mother's death until after appellant's appointment as administrator. From a judgment of the circuit court, ratifying and confirming the order of the county court, which, on respondent's petition, revoked the letters of appellant, decedent's brother, and granted letters to respondent, decedent's natural son, this appeal is taken.

It is the contention of appellant that the brothers and sisters of decedent are her heirs, to the exclusion of respondent, for the reason that respondent was adopted, prior to his mother's death, by another, and by such adoption lost his right to inherit from his natural mother. It is the contention of respondent that such adoption proceedings, though admittedly legal, did not affect his right to inherit from his natural mother.

Appellant relies upon sections 208, 209, and 210, Rev. Code 1919, which define the rights and duties of adopted child and adopting parent, and fix the status of adoption, and upon the construction of these sections in Re Havsgord's Estate, 34 S. D. 131, 147 N. W. 378, and in Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266, and upon the construction of similar sections of the Cali-

fornia Civil Code in Re Jobson's Estate, 164 Cal. 312, 128 P. 939, 43 L. R. A. (N. S.) 1062, and in Re Hunsicker, 65 Cal. App. 114, 223 P. 411, and Boosey v. Darling, 173 Cal. 221, 159 P. 606. But, as was said in Re Havsgord's Estate, supra:

"While these sections fix the status of adopting and adopted parties, and declare the rights and obligations of each to the other, no mention is made of the interest that either may have in the estate of the other."

Furthermore, unless otherwise limited, the facts of this case would make respondent the sole heir of decedent under section 701, Rev. Code 1919, which, so far as material, is as follows:

"If the decedent leave no surviving husband or wife, but leave issue, the whole estate goes to such issue."

As was said by the Supreme Court of Minnesota in the recent decision of Roberts v. Roberts, 160 Minn. 140, 199 N. W. 581:

"If an adopted child does not inherit from her natural parents, it is because of the adoption statute. Whether it shall so inherit is altogether a question of legislative policy, and is settled when the Legislature speaks. The Legislature has not spoken expressly. What is claimed is that the adoption statute, defining the status of the child, makes inapplicable the general rules of descent. We do not minimize the force of the argument. It does not lead us to the conclusion that an adopted child does not inherit from its natural parent."

This, then, leaves it, as was said in Calhoun v. Bryant, supra, and in Re Havsgord's Estate, supra, a question of the construction of the statutory provisions above cited. Though the sections of our adoption statute above cited be similar to corresponding sections of the California Code, and though the California court has said, in Boosey v. Darling, 173 Cal. 221, 159 P. 606, on the strength of those statutes, "Our statute does in effect provide * * * that he can no longer inherit from his parents by blood," with all deference to that court, whose opinions have had such peculiar weight with us, we are reluctant to follow it in this instance; for in that case it held that, despite the above restriction upon inheritance, an adopted child could inherit from its natural grandparent. In other words, he could inherit from his natural grandparent through right of representation, as the child of his natural parent from whom he

could not inherit. The Minnesota court, in Roberts v. Roberts, supra, while not attempting to analyze the varying adoption statutes of the various states, considered the California cases cited by appellant herein but concluded that an adopted child does inherit from its natural parent, and cited a long list of cases in consonance therewith, among which we find many cited by respondent herein.

Neither shall we undertake an analysis of all the adoption statutes and the decisions of the various courts thereon. In the case of Hockaday v. Lynn, 200 Mo. 456, 98 S. W. 585, 8 L. R. A. (N. S.) 117, 118 Am. St. Rep. 672, 9 Ann. Cas. 775, 4 Am. Rul. Cas. 1309, the court, after a review of the authorities says:

"But it is useless to further pursue the theme, since in a general way, it may stand assumed as sound law that consanguinity is so fundamental in statutes of descent and distribution that it may only be ignored by construction when courts are forced so to do, either by the terms of express statute or by inexorable implication."

Neither by express statute, nor by necessary implication, nor by prior decisions of this court, nor, indeed, by the express holding in a like case by any court, are we compelled to ignore the demands of that blood right on which the statutes of descent are based. In fact, a great array of authority, from Justinian to the recent Minnesota case above cited, convinces us that the laws of adoption do not so limit that part of section 701, Rev Code 1919, above quoted, as to cause a child on being adopted, to lose its right to inherit from its natural parent. Under the law of adoption, the natural parent and the adopting parent each must consent to the new relationship before the child can be legally adopted. By consent each is bound. The adopted child, the person principally affected by the transaction, has no choice and gives no consent. His natural parent, by his consent to his adoption, loses his right to inherit from his natural son. But no one consents for the innocent and helpless subject of the transfer that he shall lose the right to inherit from his natural parent, whose issue, under section 701, he does not cease to be when the right to his control passes to another. Nor does he lose by adoption that right which the law of succession gives him, except when "by the terms of express statute or by inexorable implication" the law of succession has been

so limited and restricted.   Of the many authorities cited by respondent, we consider the following especially compelling. Sanders' Justinian, 103, 105; Markover v. Krauss, 132 Ind. 294, 31 N. E. 1047, 17 L. R. A. 806; Humphries v. Davis, 100 Ind. 274, 50 Am. Rep. 788; In re Klapp's Estate, 197 Mich. 615, 164 N. W. 381, L. R. A. 1918A, 818; In re Bartram's Estate, 109 Kan. 87, 198 P. 192; Dreyer v. Schrick, 105 Kan. 495, 185 P. 30; 1 R. C. L. 614; 1 C. J. 1400; Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266; In re Havsgord's Estate, 34 S. D. 131, 147 N. W. 378; Roberts v. Roberts, 160 Minn. 140, 199 N. W. 581, and cases therein cited.

The judgment appealed from should be and is affirmed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.