Two minor daughters and their mother, who was the divorced wife of the testator, survived Paul Roderick, who died February 22, 1927. By his will, Roderick gave, subject to a bequest to his divorced wife, his estate to his daughter Louise Roderick. The other daughter was not mentioned in the will. That child, Lauretta May Roderick, was legally adopted July 24, 1916, by Lee Lindquist and wife, and her name changed to Helen Marie Lindquist. The omitted child, by her guardian ad litem, objected to the *Page 378 
distribution of the estate according to the will. It was contended that Helen Marie Lindquist was entitled to one-half of the estate, on the ground that a father failing to name one of his children in his will is deemed to die intestate as to such child. Holding the adoption was valid, the court entered final order and decree of distribution sustaining the will. Helen Marie Lindquist appeals from that decree.
[1] Was the appellant, because of her adoption by Lee Lindquist, divested of her right of inheritance from her natural father?
That is the question presented by this appeal.
Would appellant be entitled to inherit from her natural father if he had not made a will? If so, the father died intestate as to appellant, by reason of his failure to name her or provide for her in his will.
"If any person make his last will and die leaving a child or children or descendants of such child or children not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, as to such child or children not named or provided for, shall be deemed to die intestate, and such child or children or their descendants shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part." Rem. Comp. Stat., § 1402.
Respondent argues that the word "child," as used in Rem. Comp. Stat., § 1402, does not include a testator's child who has become the child of others by adoption, and that the natural father was under no obligation to provide for the child upon his death.
The status of an adopted child is defined by Rem. Comp. Stat., § 1699, as follows:
"By such order the natural parents shall be divested of all legal rights and obligations in respect to *Page 379 
such child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them, and shall be, to all intents and purposes, the child and legal heir of his or her adopter or adopters, entitled to all rights and privileges and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock: Provided, that on the decease of parents who have adopted a child or children under this chapter and the subsequent decease of such child or children without issue, the property of such adopting parents shall descend to their next of kin, and not to the next of kin of such adopted child or children."
The foregoing statute gives to the adopted child the status of a natural child of the adoptive parent, and the child is given the right to inherit the property of the adoptive parent in the same manner as a natural child. Liberally construing the statute, we held, in In re Masterson's Estate, 108 Wn. 307,183 P. 93, that the adopted child is given the status of a natural child of the adoptive parent, and that the child has the right to inherit from a brother or sister by adoption. We said:
"By this statute, the natural parents are divested of all legal rights and obligations in respect to the adopted child, and the child is free from all legal obligations of obedience and maintenance of its natural parents. It is expressly provided that such adopted child shall be, to all intents and purposes, the child and legal heir of the adopters, and entitled to all the rights and privileges and subject to all the obligations of a child of the adopters begotten in lawful wedlock. The language of the statute is broad and comprehensive. One of the rights or privileges of a natural child is to inherit from a brother or sister, the natural son or daughter of the same parents. If the adopted child does not have the same right, then it is denied a right or privilege which the natural child has. The statute says that such adopted child shall be entitled to all the rights and privileges as though it were begotten in lawful wedlock and, to all intents and purposes, shall be *Page 380 
the child and legal heir of its adopter. To hold that the adopted child cannot take an heir's portion of the estate of the natural son of the adopting parents would require a strict and narrow construction of the statute. The authorities are not in harmony as to whether such statutes are to be construed strictly or with a tendency to liberality, in order that the primary purpose of such statutes, which is to promote the welfare of unfortunate children, may be carried into effect. Many of the cases adhere to a strict construction, but the prevailing tendency of the more modern authorities is in the direction of a liberal construction."
In In re Hebb's Estate, 134 Wn. 424, 235 P. 974, we held that an adopted child was entitled to inherit from the parent of his adoptive father, saying:
"This statute has, on a number of occasions, been before this court and the effect of the cases has been to give it a construction which places an adopted child in exactly the same position as a natural child so far as that is possible. In other words, to make the status the same as to all rights, privileges and obligations. . . . an adopted child is a descendant of his adoptive parents."
By our construction of Rem. Comp. Stat., § 1699, it is argued, we are committed to the doctrine that the effect of an adoption is to substitute the adopting parent for the parent by blood, therefore we should "give to that conclusion its logical results."
"Once we have reached the conclusion that the effect of an adoption under the code is to substitute the adopting parent for the parent by blood, we must give to that conclusion its logical results. From the time of the adoption, the adopting parent is, so far as concerns all legal rights and duties flowing from the relation of parent and child, the parent of the adopted child. From the same moment, the parent by blood ceases to be, in a legal sense, the parent. His place has been taken by the adopting parent." In re Jobson, 164 Cal. 312, 128 P. 938. *Page 381 
The general rule is that:
"An adopted child is, in a legal sense, the child both of its natural and of its adopting parents, and is not, because of the adoption, deprived of its right of inheritance from its natural parents, unless the statute expressly so provides." 1 R.C.L., p. 614, § 26.
Unless prohibited by statute, an adopted child may inherit both from its adoptive parent and from its natural parent.
"In the absence of statute to the contrary, an adopted child may inherit both from its adoptive parent and from or through its natural parent." 1 C.J., p. 1400, § 129.
Our adoption statute grants to the adopted child the right to inherit from its adoptive parent, but does not divest that child of the right of inheritance from its natural parents. The statute is in derogation of the common law. It cannot be assumed, presumed or inferred that the appellant cannot inherit from her father, in the absence of a legislative declaration to that effect.
"It may stand assumed as sound law that consanguinity is so fundamental in statutes of descents and distributions that it may only be ignored by construction when courts are forced so to do, either by the terms of express statute or by inexorable implication." Hockaday v. Lynn, 200 Mo. 456, 8 L.R.A. (N.S.) 117.
The adoption statutes of Minnesota, California and South Dakota are substantially the same as ours. The Minnesota statute reads as follows:
"Upon adoption such child shall become the legal child of the persons adopting him, and they shall become his legal parents, with all the rights and duties between them of natural parents and legitimate child. By virtue of such adoption, he shall inherit from his adopting parents or their relatives the same as though he were the legitimate child of such parents, and shall not owe his natural parents or their relatives any *Page 382 
legal duty; and, in case of his death intestate the adopting parents and their relatives shall inherit his estate, as if they had been his parents and relatives in fact." Chap. 222, Laws of Minnesota, 1917, p. 336.
Under that statute, the supreme court of Minnesota held that an adopted child was entitled to participate in the estate of her natural father as an heir.
"If an adopted child does not inherit from her natural parents it is because of the adoption statute. Whether it shall so inherit is altogether a question of legislative policy and is settled when the legislature speaks. The legislature has not spoken expressly. What is claimed is that the adoption statute, defining the status of the child, makes inapplicable the general rules of descent. We do not minimize the force of the argument. It does not lead us to the conclusion that an adopted child does not inherit from its natural parent. We hold that it does inherit." Roberts v. Roberts, 160 Minn. 140, 199 N.W. 581.
Sections 209 and 210, South Dakota Revised Code of 1919, and §§ 228 and 229 of California Civil Code, read as follows:
"A child, when adopted, may take the family name of the person adopting. After adoption the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation.
"The natural parents of an adopted child are, from the time of the adoption, relieved of all parental duties towards, and of all responsibility for, the child so adopted, and have no right over it."
While holding, in Boosey v. Darling, 173 Cal. 221,159 P. 606, that an adopted child could not inherit from its natural parents, the supreme court of California decided that an adopted child could inherit from its natural grandparents. Criticizing that opinion, the supreme court of South Dakota, in Sorenson v.Churchill, 51 S.D. 113, 212 N.W. 488, held that an adopted *Page 383 
child's right to inherit from its natural parents was not divested by the adoption statute. The court said:
"Though the sections of our adoption statute above cited be similar to corresponding sections of the California code, and though the California court has said, in Boosey v. Darling,173 Cal. 221, 159 P. 606, on the strength of those statutes, `Our statute does in effect provide . . . that he can no longer inherit from his parents by blood.' With all deference to that court, whose opinions have had such peculiar weight with us, we are reluctant to follow it in this instance; for in that case it held that, despite the above restriction upon inheritance, an adopted child could inherit from its natural grandparent. In other words, he could inherit from his natural grandparent through right of representation, as the child of his natural parent from whom he could not inherit. The Minnesota court inRoberts v. Roberts, supra, while not attempting to analyze the varying adoption statutes of the various states, considered the California cases cited by appellant herein but concluded that an adopted child does inherit from its natural parent, and cited a long list of cases in consonance therewith, among which we find many cited by respondent herein. . . . Neither by express statute, nor by necessary implication, nor by prior decisions of this court, nor, indeed, by the express holding in a like case by any court, are we compelled to ignore the demands of that blood right on which the statutes of descent are based. In fact, a great array of authority, from Justinian to the recent Minnesota case above cited, convinces us that the laws of adoption do not so limit that part of section 701, Rev. Code 1919, above quoted, as to cause a child on being adopted to lose its right to inherit from its natural parent."
By our adoption statute a new relation of parent and child is created. Capacity to inherit from the adoptive parents is conferred upon the child, but there is no language in the statute purporting to deprive the adopted child of the right to inherit from its natural parents. We have no statute preventing such dual *Page 384 
inheritances, therefore an adopted child may inherit from both adoptive and natural parents.
"It may be observed that there is no statute which prevents dual inheritance. While the adoption statute creates a new relation of parent and child, and confers new capacity to inherit, it does not purport to cut off capacity to inherit already enjoyed. Without such a statute, the authorities seem to agree that an adopted child may inherit from both its natural and its adopted parent." Dreyer v. Schrick, 105 Kan. 495,185 P. 30.
Not losing by adoption the right which the statute of descent gave to appellant of inheriting from her natural father, that father died intestate as to appellant by reason of his failure to name or provide for her in his will.
The judgment is reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.
MITCHELL, C.J., TOLMAN, PARKER, and BEALS, JJ., concur. *Page 385