Martha Ann Benner died intestate leaving as her only surviving heirs three grandchildren, the issue of an only daughter who had predeceased her. One of these grandchildren, Henry Benner, the appellant herein, was legally adopted by Martha Ann Benner and sought to inherit from her estate in the dual capacity of both a son and a natural grandchild. The court ordered and decreed that he was entitled to inherit as the son of decedent but not in addition thereto as her grandson. From this decree of distribution, Henry Benner appeals.
The sole question presented to this court in this appeal is: Does a person adopted by a blood relative who dies intestate become entitled to inherit in the dual capacity of adopted child and blood relative, or must his inheritance be limited to either that of an adopted child or blood relative?
To determine this question we must look to our statutes on adoption and descent since the right to 1 inherit is strictly a statutory right.
The statutes pertinent to our inquiry are Sections 14-4-9, 14-4-10 and 14-4-11, U.C.A. 1943 pertaining to the effect on the relationship of an adopted child to its adopting and natural parents and Section 101-4-5, subsection 2, which is the succession statute.
Section 14-4-9 provides that an adopted child
"shall thenceforth be regarded and treated in all respects as the child of the person adopting."
Sec. 14-4-10 provides that after adoption the person adopting the child
"shall sustain the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation." *Page 174 
Sec. 14-4-11 provides that:
"The natural parents of an adopted child are, from the time of the adoption, relieved of all parental duties toward and all responsibility for the child so adopted, and shall have no further rights over it."
Section 101-4-5, subsection 2, provides that:
"If the decedent leaves no surviving husband or wife, but leaves issue, the whole estate goes to such issue, and if such issue consists of more than one child living, or one child living and the issue of one or more deceased children, then the estate goes in equal shares to the children living, or to the child living and the issue of the deceased child or children by right of representation."
Under the provisions of the above quoted statute, appellant is entitled to take as the surviving issue of the predeceased child of the decedent unless our legislature has declared that an adopted child loses its right to inherit through its natural parents. This involves a construction of the 2 adoption statutes we have referred to above. California and South Dakota have construed statutes similar to our. California in the case of In re Darling, 173 Cal. 221,159 P. 606, 608, held that by being adopted a child lost its right to inherit from its natural parents, but even in this case it held that the child could inherit both from its adopting parents and its natural grandparents. The court took the viewpoint that since the statute provided that the natural parents were
"relieved of all parental duties towards, and all responsibilities for the child so adopted, and have no right over it,"
that this meant they were no longer its parents in the eyes of the law. We are not impressed with this construction of the statute. The statute does not in express terms say that an adopted child may not inherit from its natural parents, nor do we think that it is a necessary implication from the fact that the legislature has said that natural parents lose all rights over its child when it is adopted, nor from the fact that the child becomes the legal child of its adopting parent and sustains all the rights and is subject to all *Page 175 
of the duties of that relationship. The more reasonable import of these statutes is that they were enacted for the benefit of the adopted child and to define the relationship between it and its adopting and natural parents insofar as the custody and control of the child is concerned. We cannot say it is a necessary implication from the language used by the legislature that it intended the adopted child to lose certain rights which it otherwise would have. By being born to its natural parents its status was established under our succession statutes and it became entitled to inherit from them. We are of the same opinion as the South Dakota court which was interpreting statutes similar to ours in the case of Sorenson v. Churchill, 51 S.D. 113,212 N.W. 488, 489, that:
"Neither by express statute, nor by necessary implication, nor by prior decisions of this court, nor, indeed, by the express holding in a like case by any court, are we compelled to ignore the demands of that blood right on which the statutes of descent are based. In fact, a great array of authority * * * convinces us that the laws of adoption do not so limit that part of section 701, Rev. Code 1919, [succession statute] above quoted, as to cause a child, on being adopted, to lose its right to inherit from its natural parent. Under the law of adoption the natural parent and the adopting parent each must consent to the new relationship before the child can be legally adopted. By consent each is bound. The adopted child, the person principally affected by the transaction, has no choice and gives no consent. His natural parent, by his consent to his adoption, loses his right to inherit from his natural son. But no one consents for the innocent and helpless subject of the transfer that he shall lose the right to inherit from his natural parent, whose issue, under section 701, he does not cease to be when the right to his control passes to another. Nor does he lose by adoption that right which the law of succession gives him, except when `by the terms of express statute or by inexorable implication' the law of succession has been so limited and restricted. * * *"
See also In re Roderick, 158 Wn. 377, 291 P. 325, 80 A.L.R. 1398, and notes. Also see notes 123 A.L.R. 1043.
Since we hold that our statutes neither by express terms nor by necessary implication prevent an adopted child from inheriting from or through its natural parents, does the mere fact that the adopting parent is a blood relative *Page 176 
prevent him from inheriting both from the adoptive 3, 4 parent and also from his natural parent by right of representation? In our opinion it does not, although there are cases such as Billings v. Head, 184 Ind. 361, 111 N.E. 177;Delano v. Bruerton, 148 Mass. 619, 20 N.E. 308, 2 L.R.A. 698; and Morgan v. Reel, 213 Pa. 81, 52 A. 253, which have held in interpreting the particular statutes of their states that a child adopted by a grandparent cannot inherit in a duel capacity, we think that under our statutes the more logical construction is that the child may inherit in a duel capacity. Had the legislature desired a different result it could have enacted a law forbidding dual inheritance. Furthermore, when a person adopts a child an act of favoritism is shown thereby; it becomes another child in the family of the adopting parent and inherits as such. Had a person not a relative been adopted by decedent, the other heirs would not have had one person less in their own family entitled to take by representation and they would therefore have gotten no more than they will now. Had the decedent desired otherwise she could have made a will to that effect. See In re Bartram's Estate, 109 Kan. 87, 198 P. 192;Wagner v. Varner, 50 Iowa 532; and In re Wilson's Estate,95 Colo. 159, 33 P.2d 969, which hold that an adopted grandchild can take its inheritance in the dual capacity of child of its adopting parent and also by representation as the natural child of its deceased parent in the absence of a statute forbidding it.
Reversed. Costs to appellant.
LARSON, C.J., and McDONOUGH and WOLFE, JJ., concur.