Florence E. HARRELL, Appellant,

v.

Norah (Nora) Irene McDONALD,
Respondent.

In the Matter of the Estate of Nellie P.
Wilson, Deceased.

No. 11633.

Supreme Court of South Dakota.

May 25, 1976.

Keith A. Tidball and John S. Lovald, Tidball, Kemnitz & Lovald, Pierre, for appellant.

R. C. Riter and Robert C. Riter, Jr., Riter, Mayer, Hofer & Riter, Pierre, for respondent.

PER CURIAM.

This is an appeal from an order of the District County Court of Stanley County, South Dakota, granting letters of administration to Norah Irene McDonald in the estate of Nellie P. Wilson, deceased, from which order Florence E. Harrell appeals. We affirm.

The facts are not contested on appeal. The decedent, Nellie P. Wilson, was born in 1885 and was adopted by Mr. and Mrs. Wallace Wilson in 1893. She died intestate, a single person, on September 18, 1974. Norah Irene McDonald was born to decedent out of wedlock in Saint Paul, Minnesota, on December 30, 1912, and was adopted by Mr. and Mrs. Jens Hansen of Minneapolis, Minnesota, in April of 1913. Norah first learned the identity of her natural mother in 1930. Florence E. Harrell is the daughter of decedent's adoptive parents.

The question presented in this appeal is whether the adoption of Norah by Mr. and Mrs. Hansen prevents Norah from inheriting the estate of her natural mother under the laws of descent and distribution of the State of South Dakota, or whether her mother's estate is to be distributed to her mother's adoptive family.

We view the cases of *Sorenson v. Churchill*, 1927, 51 S.D. 113, 212 N.W. 488, and *In re Havsgord's Estate*, 1914, 34 S.D. 131, 147 N.W. 378, to be controlling. In *In re Havsgord's Estate*, the court stated:

"The [adoption] statute was passed, not for the benefit of the natural parent, who must give his consent to the adoption and who, from the time of the adoption is relieved of all parental duties toward, and responsibility for, the child so adopted; nor for the benefit of the adopting parent who may incidentally profit because of the service or society of the adopted child; but for the sole benefit of the adopted child." 34 S.D. at 135, 147 N.W.2d at 379.

In *Sorenson* this court said:

"Neither by express statute, nor by necessary implication, nor by prior decisions * * * are we compelled to ignore the demands of that blood right on which the statutes of descent are based. * * * Under the law of adoption, the natural parent and the adopting parent each must consent to the new relationship before the child can be legally adopted. By consent each is bound. The adopted child, the person principally affected by the transaction, has no choice and gives no consent. His natural parent, by his consent to his adoption, loses his right to

inherit from his natural son. But no one consents for the innocent and helpless subject of the transfer that he shall lose the right to inherit from his natural parent, whose issue, under section 701, he does not cease to be when the right to his control passes to another. Nor does he lose by adoption that right which the law of succession gives him, except when 'by the terms of express statute or by inexorable implication' the law of succession has been so limited and restricted." 51 S.D. at 116, 212 N.W. at 489.

Appellant seeks to distinguish the *Sorenson* decision on the ground that in that case the adoptive child was the legitimate child of the natural parent. Appellant also contends that it would further the policy goals of adoption if we would reconsider our decision in the *Sorenson* case. After considering these arguments, however, we are of the opinion that what was said by this court in the *Havsgord* and *Sorenson* cases is equally applicable today, and, absent some legislative enactment, is still the law in this jurisdiction. We hold that Norah is not prevented from inheriting from the estate of her natural mother merely because she was adopted by others. Accordingly, the order appealed from is affirmed.

DUNN, C. J., and WINANS, WOLLMAN and COLER, JJ., concur.