No. 22,931.

*In re* THE ESTATE OF GEORGE VICTOR YATES, Deceased (IDA M.
BAIRD, Claimant, *Appellee,* v. G. W. W. YATES, as Adminis-
trator, *Appellant*).

SYLLABUS BY THE COURT.

1. DESCENTS AND DISTRIBUTIONS — *Parents by Adoption Inherit from
Their Adopted Child's Estate.* The word "parents," used in sections
of the statute of descents and distributions which provide that if an
intestate leave neither wife nor issue the whole of his estate shall go
to his parents, and if one of his parents be dead, then to the surviving
parent (Gen. Stat. 1915, §§ 3842, 3843), includes parents by adoption.

2. SAME—*Surviving Natural Parent Also Inherits.* There is no statute
which destroys capacity of a natural parent to inherit from his child
adopted by another, and on death of such a child, intestate, and leav-
ing neither wife nor issue, his surviving parents, by nature and by
adoption, inherit his estate.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge. Opinion filed April 9, 1921. Reversed.

*D. H. Branaman,* of Topeka, for the appellant.
*Edward Rooney,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The controversy in this case relates to inherit-
ance of a sum of money claimed by the mother, and by the
parents by adoption, of George Victor Yates, deceased.

The pertinent statutes are printed in the opinion in the case
of *Dreyer v. Schrick,* 105 Kan. 495, 496, 185 Pac. 30, except two
sections of the statute of descents and distributions following
the one there quoted, which read:

"If the intestate leave no issue, the whole of his estate shall go to his
wife; and if he leave no wife nor issue, the whole of his estate shall go
to his parents.

"If one of his parents be dead, the whole of the estate shall go to the
surviving parent; . . ." (Gen. Stat. 1915, §§ 3842, 3843.)

In the case referred to it was said that the domestic relation
of parent and child created by adoption is the full legal equiv-
alent of the natural relation, and that statutes referring to the
relation of parent and child which do not clearly exclude

adopted children must be interpreted as including them on equal footing with natural children. It was held, accordingly, that adoption of a child revokes a testator's previously executed will, the same as birth of a child to him. In the case of *Riley v. Day*, 88 Kan. 503, 129 Pac. 524, it was held that the expression "living issue," used in the statute of descents and distributions (Gen. Stat. 1915, § 3841); included an adopted child. Many times in other cases this court has done its best to destroy the persistent notion that there is something different, before the law, between the relation of a child to its natural parent and the relation of a child to its parent by adoption. In each instance the child's interests were concerned. All that has been said on the subject would be confuted if the adopted child were child but the parent by adoption were not parent. Therefore, the word "parents," in the sections of the statute of descents and distributions quoted above, includes parents by adoption.

In the case of *Dreyer v. Schrick*, supra, the rule was recognized that unless some statute destroy the capacity, an adopted child will inherit from both its natural and its adopted parents. Applying the same principle, unless some statute destroy the capacity, a natural parent will inherit from his child adopted by another. There is no such statute, and the fund in controversy goes to those persons who answer the description of surviving parent of the deceased, whether by nature or by adoption.

There are many decisions to the effect that an adopting parent does not inherit from the adopted child. Some of them turn on phraseology of the statutes involved. Others result from application of the rule that, since adoption statutes are in derogation of the common law, they must be strictly construed. The rule is backed by the aristocratic sentiment that an adopted child, being a stranger to the blood of the family, may be recognized so far and no farther. The legislature of this state has taken care of that matter as follows:

"The rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this state, but all such statutes shall be liberally construed to promote their object." (Gen. Stat. 1915, § 11829.)

The judgment of the district court is reversed, and the cause is remanded with direction to proceed in accordance with this opinion.