(601 P.2d 15)

No. 50,135

In the Interest of CLIFFORD EUGENE WHEELER and LESLIE ANN WHEELER, Minors.

Petition for review denied December 5, 1979.

Opinion filed October 15, 1979.

*Charles E. Whitman,* of Lawrence, for the natural father, appellant.

*Robert D. Kroeker,* special deputy district attorney, and *Robert T. Stephan,* attorney general, for the State of Kansas, appellee.

*Larry B. Fullerton,* of Lawrence, for the minor children.

*James E. Rumsey,* of Lawrence, for the natural mother.

Before FOTH, C.J., REES and SWINEHART, JJ.

REES, J.: Clifford L. Wheeler and Shirley Wheeler are the natural parents of two minor children. Mr. Wheeler appeals from an order severing his parental rights.

This proceeding under the juvenile code was commenced in the summer of 1977 and the order from which appeal is taken was entered by journal entry filed May 23, 1978. As the case comes before us, the natural parents are divorced; the minor children have been found to be dependent and neglected; they have been committed to the custody of the secretary of social and rehabilitation services for placement in the home of their mother, who has not been found unfit; their father has been found and adjudged to be unfit to have their custody and his parental rights have been severed.

The sole issue before us is whether the parental rights of only one parent may be severed where both parents of an adjudicated dependent and neglected child are known and living.

At all material times herein the authority for judicial deprivation and termination of parental rights lay in K.S.A. 1977 Supp. 38-824(c) (see *In re Bachelor,* 211 Kan. 879, 882, 508 P.2d 862 [1973]; *Roelfs v. Wallingford, Inc.,* 207 Kan. 804, 808, 810-811, 486 P.2d 1371 [1971]) and K.S.A. 60-1610(*a*). The former statute, a part of our juvenile code, concerns dependent and neglected children, minors. The latter concerns orders for the care of minor children that may be included in a divorce decree.

Where there is a termination of parental rights under the juvenile code, K.S.A. 1977 Supp. 38-824(*c*), the sum total of the rights of the parent or parents in and to the child, as well as the rights of the child in and to the parent or parents, are completely terminated; there is a complete and final divestment of all legal rights, privileges, duties and obligations of the parent and child with respect to each other. *Roelfs v. Wallingford, Inc.*, 207 Kan. at 810-811.

K.S.A. 1977 Supp. 38-824(*c*) reads:

"(*c*) When the parents, or parent in case there is one parent only, are found and adjudged to be unfit to have the custody of such dependent and neglected child, K.S.A. 1976 Supp. 38-820, and other applicable provisions of this act having been fully complied with, the district court may make an order permanently depriving such parents, or parent, of parental rights and commit the child:

"(1) To the care of some reputable citizen of good moral character;

"(2) to the care of some suitable public or private institution used as a home or place of detention or correction;

"(3) to the care of some association willing to receive the child, embracing in its objects the purpose of caring for or obtaining homes for dependent and neglected children;

"(4) to the secretary of social and rehabilitation services."

Also relevant is K.S.A. 1977 Supp. 38-825 which reads:

"(*a*) When a dependent and neglected child has been committed to the secretary of social and rehabilitation services, said secretary, if he or she deems it to be in the best interest of the child, may place the child in the youth center at Atchison or in a foster care facility, or may transfer such child to the jurisdiction of a children's aid society willing to accept the child, or with the written consent of the judge of the district court to the home of the parent, or parents, who have not been deprived of parental rights.

"(*b*) A parent or parents of a child under the jurisdiction of the secretary of social and rehabilitation services, who has not been deprived of parental rights, may file with the district court having jurisdiction, a petition in writing for the return of such child to such parent or parents. Such petition shall be verified by affidavit and shall state the name, age and residence of the child and name and residence of each petitioner. The court shall fix a time and place for a hearing on such petition and shall notify each petitioner and the secretary of social and rehabilitation services of such time and place. If after the hearing, the court shall determine from the evidence that it would be in the best interests of the child to be returned to his or her parents, the court shall so order."

The father's argument to us is succinct. He says the trial court's parental severance authority is solely derived from the following statutory (K.S.A. 1977 Supp. 38-824[*c*]) wording:

"When the *parents,* or parent in case there is one parent only, are found and

adjudged to be unfit . . . the district court may make an order permanently depriving such *parents,* or parent, of parental rights . . ." (Emphasis added);

thus, where both parents are known and living, an order of parental severance may be made only as to both parents; and, therefore, an order depriving the parental rights of only one but not both known living parents is not lawful. This argument is firmly fixed upon the chosen specific words of K.S.A. 1977 Supp. 38-824(*c*).

Aside from the matter of probable past judicial practice, the father's argument fails to take into account statutory provisions found in K.S.A. 1977 Supp. 38-825(*a*) and (*b*). There it is provided that with the written consent of the district court judge the secretary of social and rehabilitation services may locate a child committed to him in "the home of the parent . . . who [has] not been deprived of parental rights." It also is provided that "[a] parent . . . of a child under the jurisdiction of the secretary of social and rehabilitation services, who has not been deprived of parental rights, may file . . . a petition . . . for the return of such child to such parent . . . ."

At least with regard to the present issue, K.S.A. 1977 Supp. 38-824 and 38-825 are not models of clarity of draftsmanship.

The underlying consideration in implementation of the juvenile code is the child's welfare and the best interests of the state with the judicial acts under the code to be performed in the exercise of the parental power of the state. K.S.A. 1977 Supp. 38-801. The legislature has directed that in the construction of statutes "[w]ords importing the singular. number only may be extended to several persons . . . and words importing the plural number only may be applied to one person" unless such construction is inconsistent with manifest legislative intent or repugnant to statutory context. K.S.A. 77-201 *Third.* With these principles in mind, as well as statutory construction rules and principles judicially expressed in cases such as *Brown v. Keill,* 224 Kan. 195, Syl. ¶¶ 3, 4, 200, 580 P.2d 867 (1978), and *Traylor v. Wachter,* 3 Kan. App. 2d 536, 545, 598 P.2d 1061 (1979), we conclude that under K.S.A. 1977 Supp. 38-824(*c*) there is judicial power and authority to sever the parental rights of one parent where both parents are known and living. We do not find this conclusion to be contrary to perceived legislative purpose or repugnant to statutory context. We find this power and authority

to be consistent with the purpose of implementation of the state's parental power to serve the child's welfare.

By legislative amendment, L. 1978, ch. 158 (K.S.A. 1978 Supp. 38-802[g], -824, -825), a "dependent and neglected child" now is a "deprived child."

Affirmed.