(610 P.2d 130)
No. 50,848

In the Interest of Cynthia Ingold, a child under the age of 18 years.

Opinion filed May 2, 1980.

A. *James Gillmore*, of Speir, Stroberg & Sizemore, of Newton, for appellant mother.

*James W. Modrall*, county attorney, and *Robert T. Stephan*, attorney general, for appellee State of Kansas.

Before ABBOTT, P.J., REES and SPENCER, JJ.

*Per Curiam:* This is an appeal by the natural mother of an eight-year-old child from an order prohibiting visitation.

By journal entry filed August 23, 1977, the trial court found the child to be a dependent and neglected child (now a "deprived child" [L. 1978, ch. 158 (K.S.A. 1979 Supp. 38-802[g], -824, -825)]), and committed the child to the secretary of social and rehabilitation services (SRS). (See K.S.A. 1979 Supp. 38-824[b].) Specific terms and conditions of the mother's visitation with the child were prescribed in an order filed May 3, 1978. By journal entry filed February 8, 1979, after hearings on a State's "Motion to Terminate Visitation Rights," the trial court ruled:

"The Court holds that to continue the visitations under present circumstances would be detrimental to the minor child's health: THEREFORE, until the further order of the Court, such visitations shall not be permitted."

The last ruling and order is the only trial court action from which appeal has been taken.

The mother's contention is that the challenged order is tantamount to and effectively constitutes severance of her parental rights and is erroneous for the reason that there has been no finding and adjudication that the mother is unfit to have the custody of the child. (See K.S.A. 1979 Supp. 38-824[c].)

Springing from and incident to the relation of parent and child are various rights, privileges, duties and obligations with respect

to each other. K.S.A. 1979 Supp. 38-824(*c*) empowers our judiciary to order permanent deprivation of a parent's parental rights when it is found and adjudicated that the parent is unfit to have the custody of his or her minor child.

"Where there is a termination of parental rights under the juvenile code, K.S.A. 1977 Supp. 38-824(*c*), the sum total of the rights of the parent or parents in and to the child, as well as the rights of the child in and to the parent or parents, are completely terminated; there is a complete and final divestment of all legal rights, privileges, duties and obligations of the parent and child with respect to each other. *Roelfs v. Wallingford, Inc.,* 207 Kan. at 810-811." *In re Wheeler,* 3 Kan. App. 2d 701, 702, 601 P.2d 15, *rev. denied* 227 Kan. _____ (1979).

The challenged order is not a permanent, complete and final divestment of the mother's right of visitation. Aside from the continuing jurisdiction of the trial court under the juvenile code, by its own language the order is effective until further order of the court; future review for possible revision or vacation is implicitly contemplated. Further, the challenged order patently is not one of divestment of *all* legal rights, privileges, duties and obligations of the mother and child with respect to each other. It affects only the mother's rights of visitation. Remaining unimpaired are other parental rights of the mother, *e.g.,* her rights of inheritance under the rules of intestate succession (see K.S.A. 59-507) and her right to veto, withhold consent to, adoption of the child (see K.S.A. 59-2102), and duties, *e.g.,* her duty to support (see K.S.A. 1979 Supp. 38-827[*a*]; K.S.A. 1979 Supp. 38-828).

The order is not an order of severance of the mother's parental rights. It is neither tantamount to nor an "effective" equivalent of such an order. That there has been no finding and adjudication that the mother is unfit to have the custody of the child does not render the order erroneous.

The parental right of custody is broad and substantial. Where a child has been committed to the custody of others pursuant to K.S.A. 1979 Supp. 38-824(*b*), the use of denial of visitation as a practical substitute for parental severance is not to be condoned. The record on appeal satisfies us that the circumstances in this particular case existing at the time of entry of the appealed order were such that the order was not inappropriate. We are confident the trial court, on its own initiative or on the initiative of the mother or others, will continue oversight in this matter and enter appropriate further orders concerning visitation as warranted by changed circumstances.

Affirmed.