(882 P.2d 1001)
No. 70,974

In the Matter of the Estate of
GLENN E. HINDERLITER, Deceased.

Opinion filed October 14, 1994.

*Kevin M. Lyons*, of Shawnee Mission, for appellant.

*Craig S. Powell*, of McQueary & Powell, of Osawatomie, for appellees.

Before ELLIOTT, P.J., PIERRON, J., and TOM MALONE, District Judge, assigned.

ELLIOTT, J.: Jerrold Hinderliter (Jerrold) appeals the trial court's grant of summary judgment in favor of Barbara Doughty, Marsha Polansky, and Anita White (appellees). The trial court ruled that Glenn Hinderliter's (Glenn) intestate estate passed to appellees as well as to Jerrold.

We affirm.

The facts are essentially undisputed. Appellees are Glenn's biological children. Glenn and appellees' mother divorced. Their mother remarried and, with Glenn's consent, appellees' stepfather adopted them. Glenn also remarried, and Jerrold was born to that marriage.

Glenn died intestate in 1991. The administrator filed a petition for final settlement, naming appellees and Jerrold as heirs. Jerrold argued appellees were no longer Glenn's children or heirs due to their adoption. The trial court granted appellees' motion for summary judgment.

Initially, an issue no one addresses should be mentioned. Do the adoption statutes in effect at the time appellees were adopted, or those in effect at the time of Glenn's death, control? The majority of jurisdictions have held that the law in effect at the time of the intestate's death controls. See Annot., 18 A.L.R.2d 960. We choose to follow the majority rule; therefore, we will consider the statutes in effect in 1991, the year of Glenn's death, in deciding this case. See generally *Meek v. Ames*, 177 Kan. 565, 571, 280 P.2d 957 (1955); *In re Estate of Fortney*, 5 Kan. App. 2d 14, 17-20, 611 P.2d 599 (1980).

*May adopted children inherit from their biological parents?*

This case involves interpretation of both the adoption and the intestacy statutes. See 2 Am. Jur. 2d, Adoption § 200. The issue is, therefore, a question of law, and our review is plenary. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

The relevant intestacy statutes are K.S.A. 1991 Supp. 59-501 and K.S.A. 59-506. K.S.A. 1991 Supp. 59-501 provides that "children" includes biological children. K.S.A. 59-506 provides that if a decedent leaves children but no spouse, the estate passes to the children; or, if a decedent leaves a spouse and children, half of the estate passes to the children.

The relevant adoption statute is K.S.A. 1991 Supp. 59-2118(b), which provides:

"When adopted, a person shall be entitled to the same personal and property rights as a birth child of the adoptive parent. The adoptive parent shall be en-

titled to exercise all the rights of a birth parent and be subject to all the liabilities of that relationship. Upon adoption, all the rights of birth parents to the adopted person, including their right to inherit from the person, shall cease, except the rights of a birth parent who is the spouse of the adopting parent."

The adoption statute does not provide for the inheritance rights of adopted children from their biological parents. Case law on this issue is sparse and hoary with age (see *In re Estate of Bernatzki*, 204 Kan. 131, 133, 460 P.2d 527 [1969]; however, the statutes have remained essentially the same since a trilogy of cases was decided in 1919 and 1921. See K.S.A. 1991 Supp. 59-506 and K.S.A. 59-2118; G.S. 1915, 3841 and 6363. These cases, thus, remain controlling. The cases are: *Bartram v. Holcomb*, 109 Kan. 87, 198 Pac. 192 (1921); *Baird v. Yates*, 108 Kan. 721, 196 Pac. 1077 (1921); and *Dreyer v. Schrick*, 105 Kan. 495, 185 Pac. 30 (1919).

In *Dreyer*, the court held a child adopted by one set of parents, then subsequently adopted by another set of parents, may inherit from the first set of adoptive parents. 105 Kan. 475, Syl. ¶ 2. In *Baird*, the court held that absent a statute to the contrary, a biological parent may inherit from a child adopted by another. 108 Kan. 721, Syl. ¶ 2. And in *Bartram*, the court held a child adopted by a grandparent after the death of the child's parent may inherit from the grandparent in a dual capacity: as both a child and as a grandchild. 109 Kan. 87, Syl.

Jerrold relies on more recent cases holding that termination of parental rights completely severs the rights between parent and child. See *Wilson v. Kansas Gas & Electric Co.*, 12 Kan. App. 2d 336, 340, 744 P.2d 139 (1987); and *In re Wheeler*, 3 Kan. App. 2d 701, 702, 601 P.2d 15, *rev. denied* 227 Kan. 927 (1979).

Jerrold is incorrect in his arguments. The three older cases still control. The legislature has recently recognized the problem, and to cure the dichotomy, the legislature in effect overruled the later cases and codified the earlier cases. See L. 1993, ch. 195, Minutes of House Judiciary Committee, Feb. 1, 1993, comments of Representative Heinemann concerning "put[ting] into law what is generally case law."

In support of the bill, the Judicial Council offered House Judiciary Attachment #4, which provided:

"A series of cases dating from approximately 1920 hold that, absent a statute to the contrary, a child inherits from both natural and adoptive parents. [Citations omitted.] K.S.A. 1991 Supp. 59-2118 addresses the effect of adoption on the respective rights of the child, birth parents and adoptive parents. The statute clearly terminates the right of birth parents to inherit from the adopted child but does not preclude the adopted child from inheriting from the birth parents.

"More recent cases involving situations in which there has been a termination of parental rights indicate the termination of parental rights completely severs the parent-child relationship and '. . . there is a complete and final divestment of all legal rights, privileges, duties and obligations of the parent and child with respect to each other.' [Citation omitted.] Accordingly, in a case where parental rights had been previously terminated, the biological children were held not to be heirs at law for purposes of the wrongful death statute. [Citation omitted.]

"Consequently, where a natural parent has consented to the adoption of his or her child, the child may inherit from both the natural and adoptive parents. Where parental rights have been terminated and there has been no subsequent adoption, the child has neither natural or adoptive parents from which to inherit." Judicial Council Testimony on 1993 H.B. 2101, Inheritance Rights of Children, Feb. 1, 1993.

L. 1993, ch. 195 amended K.S.A. 38-1583 (termination of parental rights), K.S.A. 59-2118 (effect of adoption), K.S.A. 59-2124 (relinquishment of child to an agency), and K.S.A. 59-2136 (relinquishment and adoption to terminate parental rights). The bill inserts an express provision in each statute providing that children may inherit from their biological parents regardless of termination, relinquishment, or adoption.

Although these amendments were not effective until July 1, 1993, it is apparent to us the legislature believed "the law" in Kansas in 1991, when Glenn died, allowed adopted children to inherit from their biological parents, while children whose parents had their parental rights terminated could not. Thus, we hold that in 1991, appellees had the right to inherit from Glenn's estate in the same manner as Jerrold—as biological children of Glenn.

Jerrold also argues that res judicata, collateral estoppel, and equitable estoppel bar appellees' claim to Glenn's estate. We disagree.

Res judicata encompasses both issue preclusion and claim preclusion. Issue preclusion (collateral estoppel) precludes relitigation of issues previously determined. Claim preclusion precludes

relitigation of a claim that has been finally adjudicated in a court of competent jurisdiction. *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690, 751 P.2d 122 (1988).

Neither doctrine applies to the present case. For the requirements of collateral estoppel, see *In re Estate of Beason*, 248 Kan. 803, 813, 811 P.2d 848 (1991). While the record in the present case does not contain a copy of appellees' adoption decree, no one claims it contains any indication that the issue of appellees' right to inherit from Glenn was there determined. Since that issue has not been previously litigated, issue preclusion (collateral estoppel) does not apply.

Nor does claim preclusion apply. See *Jackson Trak*, 242 Kan. at 690. In the present case, there is no identity in the things sued for between appellees' adoption and the present claim of inheritance rights. Further, there is no identity of parties.

To support his claim of equitable estoppel, Jerrold argues appellees acquiesced in or consented to their adoption, but cites to nothing in the record to support that contention. And even if appellees did consent to their adoption, that is not the same as their voluntary consent to give up any rights they might have to inherit from Glenn. Thus, an essential element of equitable estoppel is lacking. See *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 382-83, 855 P.2d 929 (1993).

Affirmed.