## DORIS O'DELL v. EDNA J. HINGEVELD AND OTHERS.[1]

November 30, 1951.

No. 35,711.

*Meighen, Knudson, Sturtz & Peterson,* for relator.

[1] Reported in 50 N. W. (2d) 476.

*Philip B. Gartner,* for respondent Edna J. Hingeveld as mother and natural guardian of Jacqueline Jane Hingeveld, a minor.

*Reynolds & McLeod,* for respondents Hilmer Grain Company, employer, and Iowa Mutual Casualty Company, insurer.

PER CURIAM.

This case comes here on a writ of certiorari to review an order of the industrial commission affirming a referee's findings and determination. Pursuant to an order of this court, the case is submitted on a stipulation of facts.

The stipulated facts before us are that Elmer O'Dell was killed June 26, 1950, in an accident arising out of and in the course of his employment. His weekly wage was $83.13. His dependents were awarded $30 a week during dependency.

Employe left surviving him his widow, Doris O'Dell, who remains unmarried. She is an office employe at the Mayo Clinic. No children were born of the marriage. She is now 29 years old.

Employe also left surviving him an illegitimate child, Jacqueline Jane Hingeveld (formerly Jacqueline Jane Duppary), who is under 16. Paternity was established at a hearing in the district court for Fillmore county, Minnesota, February 4, 1938. (At that hearing, employe was required to pay $10 a month toward the support of the child.)

The stipulation before us does not show the following facts, but they are revealed by the files of the industrial commission. By his findings and determination, filed with the commission February 16, 1951, the referee awarded $15 a week to the widow and a like amount to the natural child. Before any appeal was taken from the referee's determination, on March 27, 1951, the parties filed a stipulation with the industrial commission. This stipulation, just as the one filed with this court, sought a settlement as between the dependents on the basis of $20 a week to the widow and $10 a week to the child. It provided that after the child becomes 16 years of age she may apply for additional payments during dependency and that the commission is to retain jurisdiction for this purpose.

March 29, 1951, an order of the commission disapproved the stipulation for settlement between the dependents. Then, on April 16, 1951, the widow appealed to the commission from the findings and determination of the referee. July 20, 1951, an order of the commission affirmed the referee's findings and determination, including the award of $15 a week each to the child and the widow. It is this order which the widow seeks to have reviewed by a writ of certiorari issued from this court October 22, 1951.

October 24, 1951, an order of this court permitted the parties to submit the case on a stipulation of facts which are substantially the same as the facts found by the referee whose findings were affirmed by the commission. However, the stipulation before us, as mentioned above, seeks a settlement on the basis of $20 a week to the widow and $10 a week to the child. This is the same proposed settlement which the commission disapproved in its order of March 29, 1951.

■ Prior to the enactment of L. 1951, c. 508, an illegitimate child, although adopted by a person not its father, inherited from its natural father just as does a legitimate child. Roberts v. Roberts, 160 Minn. 140, 199 N. W. 581.

■ Section 176.01, subd. 3, defines a child, within the meaning of the workmen's compensation act, as any child who is entitled by law to inherit from the deceased employe.

■ By § 176.12, subd. 1, minor children under 16 are conclusively presumed to be wholly dependent.

■ Section 176.12, subd. 10, provides:

"In all cases where compensation is payable to the widow or widower for the benefit of herself or himself and dependent child or children, the industrial commission shall have power to determine, in its discretion, what portion of the compensation shall be applied for the benefit of any such child or children and may order the same paid to a guardian;"

The only ground upon which there could be a reversal of the commission's affirmance of the referee's order would be a determination by this court that the commission abused its discretion in so doing.

226

We see no evidence or any stipulated fact which would support a conclusion that there was an abuse of discretion by the commission under § 176.12, subd. 10, in affirming an equal division between the widow and the only child. In this respect, it followed the division provided by § 525.16(3) in case of intestacy.

The order of the industrial commission is affirmed.