**In re the ESTATE OF Russell W. CARLSON, Decedent.**

**No. C7–90–143.**

Court of Appeals of Minnesota.

July 17, 1990.

Review Denied Sept. 14, 1990.

Edward J. Gearty, Minneapolis, Joseph F. Schmidt, Minneapolis, for appellants Agnes V. DeFreitas and Doris Sophia Benaman.

James S. Casterton, David K. Hebert, Forest Lake, for respondents Raymond Kulstad and Jean Luehring.

Patrick A. Farrell, South St. Paul, for respondent Clarence Lindstrom, Jr.

Considered and decided by CRIPPEN, P.J., and RANDALL and FORSBERG, JJ.

**OPINION**

FORSBERG, Judge.

Agnes V. DeFreitas and Doris Sophia Benaman appeal from the district court's orders determining respondents Raymond Kulstad and Jean Luehring are entitled to inherit from the estate of Russell W. Carlson, and appointing Raymond Kulstad as personal representative. We reverse.

## FACTS

The decedent, Russell Carlson, was born in 1916. He had two younger brothers, Warren and Raymond. His parents, Axel Carlson and Caroline Victoria Carlson, both died in 1920.

After the death of their parents, the decedent and his two brothers were placed in an orphanage. The decedent went to live with the Klug family but was never adopted. Both of his brothers, however, were adopted; Raymond was adopted by the Kulstad family on December 22, 1920, and Warren was adopted by the Luehring family on June 6, 1921.

On April 15, 1921, the estate of Axel and Caroline Carlson was distributed. A guardian was appointed, and at age 21 each of the brothers received approximately $2,100.

Over the years, the brothers maintained contact with one another through telephone calls, letters, and occasional visits.

The decedent never married and was childless. When he died in August 1988, no will was found. Warren Luehring predeceased the decedent, and was survived by one daughter, Jean Luehring.

Raymond Kulstad asserts he and his brothers always assumed they had no other relatives in this country. However, at the time of her death Caroline Carlson had two brothers and three sisters. Her brothers never married and had no children. Her sisters were Maltilda Malmquist, Anna Marie Lindstrom, and Nina Nordquist. Malmquist was survived by a son who died leaving no issue. Lindstrom had two children, who both predeceased the decedent and have children who are his first cousins once removed. One of those first cousins once removed is respondent Clarence W. Lindstrom, Jr. Nordquist had three children, one who died in 1979 and had no issue. Nordquist's other two children, appellants Agnes DeFreitas and Doris Sophia Benamen, survive and are the decedent's first cousins.

A hearing was held in April 1989 for the adjudication of intestacy and determination of heirship, and for the appointment of Raymond Kulstad as personal representative. Clarence W. Lindstrom, Jr. claimed an interest as the decedent's first cousin once removed and objected to the appointment of Raymond Kulstad as personal representative.

The district court issued an order determining respondents Raymond Kulstad and Jean Luehring are entitled to inherit from the decedent. The same order appointed Raymond Kulstad personal representative of the estate.

In a second order, the court amended its previous order by also listing appellants Agnes DeFreitas and Doris Sophia Benamen as relatives of the decedent. The court did not otherwise change its determination of heirship.

In a motion for new trial or amended findings, appellants claimed the court erred in failing to find they are first cousins of the decedent and are closer in relationship than Clarence W. Lindstrom, who is a first cousin once removed. Appellants also challenged the court's determination of heirship.

A second hearing was held in August 1989. In its third order, the court did amend its findings to indicate appellants are first cousins of the decedent. However, no other substantive changes were made to its determination of heirship.

This appeal is from all three orders.

## ISSUE

Did the district court err in determining respondents' rights to inherit from the decedent's estate vested in 1921?

## ANALYSIS

■ Appeals may be taken from an order appointing a representative or from an order determining distribution. Minn.Stat. § 525.71(2) and (12) (1988). The three orders at issue here are appealable because they appoint Raymond Kulstad personal representative of the decedent's estate and determine the order of distribution of that estate.

This case involves application of the intestacy and adoption statutes. Prior to

1951, adopted children were allowed to inherit from their natural parents and relatives. *See Roberts v. Roberts,* 160 Minn. 140, 142, 199 N.W. 581, 581 (1924) (where legislature has not spoken expressly, adopted child may inherit from natural parent). In 1951, Minn.Stat. § 259.29 was enacted. *See* 1951 Minn.Laws ch. 508, § 9. It currently provides:

> Subdivision 1. Upon adoption, the child shall become the legal child of the adopting persons and they shall become the legal parents of the child with all the rights and duties between them of natural parents and legitimate child. * * * The child shall not owe the natural parents or their relatives any legal duty nor shall the child inherit from the natural parents or kindred, except as provided in subdivision 1a.

> Subd. 1a. Notwithstanding any other provisions to the contrary in this section, the adoption of a child by a stepparent shall not in any way change the status of the relationship between the child and the child's natural parent who is the spouse of the petitioning stepparent.

> If a parent dies and a child is subsequently adopted by a stepparent who is the spouse of a surviving parent, any rights of inheritance of the child or the child's issue from or through the deceased parent of the child which exist at the time of the death of that parent shall not be affected by the adoption.

Minn.Stat. § 259.29 (1988).

In addition, for the estates of decedents dying after December 31, 1986, Minn.Stat. § 524.2–109 provides:

> If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:

> (1) An adopted person is the child of an adopting parent and not of the natural parents except that adoption of a child by the spouse of a natural parent has no effect on the relationship between the child and that natural parent. If a parent dies and a child is subsequently adopted by a stepparent who is the spouse of a surviving parent, any rights of inheritance of the child or the child's issue from or through the deceased parent of the child which exist at the time of the death of that parent shall not be affected by the adoption.

Minn.Stat. § 524.2–109 (1988).

We realize "[a] statute in derogation of * * * common law will not be extended by construction beyond its most obvious import." *Bubar v. Dizdar,* 240 Minn. 26, 28, 60 N.W.2d 77, 79 (1953). These statutes, however, are clear and unambiguous, making any such construction unnecessary. *See* Minn.Stat. § 645.16 (1988). These statutes explicitly provide that adoption cuts off the rights of inheritance from natural relatives. The only exception cited is when a child is adopted by a spouse of a natural parent.[1]

The district court in this case acknowledged that the law currently provides for adoption to cut off the rights of inheritance from natural relatives. Nevertheless, it concluded this is a special situation because all three brothers participated in their parents' estate in 1921, and therefore had a vested right to inherit *from* and *through* their parents.

The right to inherit from an ancestor's estate accrues or vests at the time of that ancestor's death. *Sorenson v. Rasmussen,* 114 Minn. 324, 328, 131 N.W. 325, 326 (1911). Thus, no one has any rights to inherit until the death of the relative whose estate is at issue. Once those rights vest, however, a change in the law cannot change one's status as a potential heir. *See O'Dell v. Hingeveld,* 235 Minn. 223, 50 N.W.2d 476 (1951) (where natural father of adopted-out child died prior to enactment of new adoption statute, a change in the adoption law did not take away the child's right to inherit from that father). Here, the

---

1. Respondents have suggested that persons adopted prior to 1951 be allowed to inherit from their natural relatives if the adoption was not sought by the natural parents and the decedent specifically maintained a relationship with his adopted-out relatives. While the legislature has provided an exception for children adopted by a stepparent, the exception urged here is beyond the plain language of the intestate succession and adoption statutes.

brothers' rights to inherit *from* their parents vested at the time of their parents' death, and the subsequent adoptions of Raymond and Warren did not affect those rights. However, any rights the brothers might have had to inherit from each other could not vest until one of them died.

The current statutes' application to the situation in this case does not make them impermissibly retrospective. *See Sorenson,* 114 Minn. at 327–28, 131 N.W. at 326–27. Because rights to inherit from a particular ancestor do not vest until the death of that ancestor, the laws in effect at the time of the ancestor's death govern. Inheritance laws therefore can be changed by the legislature without changing or affecting any existing rights. *Jefferson v. Fink,* 247 U.S. 288, 294, 38 S.Ct. 516, 518, 62 L.Ed. 1117 (1918).

Respondents, who are adopted-out relatives of the decedent, therefore are not entitled to inherit from the decedent's estate. The brothers' rights to inherit *from* their parents may have vested at the time of their parents' deaths in 1920, and those rights may have been asserted in 1921 when their parents' estate was distributed. These facts, however, did not give the brothers any vested rights to inherit *through* their parents and from each other. Under the current intestate succession and adoption laws, adopted-out relatives are not entitled to inherit from a natural relative's estate, even if the law in effect at the time of the adoptions provided otherwise. *See* Minn.Att.Gen.Op. 840–b (October 1, 1957) (adopted children do not inherit from their natural parents after passage of 259.29 even though the law at the time of adoption provided otherwise).

The district court's determination of heirship and its appointment of Raymond Kulstad are reversed. In accordance with Minn.Stat. § 524.2–103 (1988), appellants are entitled to inherit from the decedent's estate.

DECISION

Reversed.